FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 10, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TONY AGUILAR, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>FREEDOMSROADS LLC, a Minnesota limited liability company,<br><br>    Defendant. | No. 4:25-cv-05132-SAB<br><br><br><br>**ORDER DENYING MOTION TO REMAND** |

Before the Court is Plaintiff's Motion to Remand, ECF No. 12. The motion was heard without oral argument. Plaintiff is represented by April Rheaume, Douglas Han, Shunt Tatavos-Gharajeh, and Winthrop Hubbard. Defendant is represented by Matthew J. Macario.

Plaintiff filed a class action in Franklin County Superior Court against Defendant, alleging eight causes of action for wage and hour violations under Washington State law. Defendant then removed the case to the Eastern District of Washington, invoking jurisdiction under diversity and the Class Action Fairness Act ("CAFA"). ECF No. 1.

Plaintiff asks the Court to remand, arguing there are questions of fact as to whether complete diversity exists. Plaintiff also contends Defendant has not met its burden in satisfying CAFA's jurisdictional amount in controversy requirements.

**ORDER DENYING MOTION TO REMAND ~ 1**

## Motion Standard

Section 1441(a) permits parties to remove any action filed in state court to federal court that originally could have been filed in federal court. 28 U.S.C. § 1441(a).

Federal courts have original jurisdiction based on diversity when (1) there is complete diversity of citizenship between all plaintiffs and all defendants, and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). A natural person is a citizen of the state in which they are domiciled at the time a lawsuit is filed, whereas a Limited Liability Companies ("LLCs") "is a citizen of every state of which its owners/members are citizens." *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Federal courts have original jurisdiction over class action complaints under CAFA when (1) a class has more than 100 members, (2) plaintiffs and defendants are minimally diverse (meaning at least one plaintiff is diverse from at least one defendant), and (3) the amount in controversy exceeds $5,000,000. 28 U.S.C. §§ 1332(d)(2), (d)(5)(B).

CAFA's amount in controversy jurisdictional requirement is an *estimate* of the *total possible amount* that will be put at issue during litigation; it is not a projection of the amount the plaintiff is likely to recover. *Jauregui v. Roadrunner Transp. Servs.*, 28 F.4th 989, 994 (9th Cir. 2022). If a complaint does not specify the amount in controversy, and a plaintiff contests removal, the removing defendant must prove the amount in controversy by a preponderance of the evidence. *Ibarra v. Manheim Invs., Inc*, 775 F.3d 1193, 1196 (9th Cir. 2015).

"The preponderance standard does not require a district court to perform a detailed mathematical calculation" to determine if a defendant has satisfied its burden. *Harris v. KM Indus*, 980 F.3d 694, 701 (9th Cir. 2020). Nor should a district court insert its own assumptions. *Id*. A district court's task is to assess if a

**ORDER DENYING MOTION TO REMAND ~ 2**

defendant's "reasoning and underlying assumptions" are reasonable based on what is stated in the complaint. *Jauregui*, 28 F.4th at 993.

Defendants are not required to submit evidence to prove an amount in controversy estimate, because such a requirement would put them in the position of proving they violated the law. *Perez v. Rose Hills Co.*, 131 F.4th 804, 808-9 (9th Cir. 2025). However, if an amount in controversy estimate is unreasonable, a defendant is required to submit evidence supporting its calculation. *Id.* at 809. This includes affidavits or declarations. *Ibarra*, 775 F.3d at 1197.

When a plaintiff uses generic phrasing—e.g. "at times," "routinely," and "common course"—in describing alleged violation rates, defendants have greater latitude in estimating the amount in controversy. An amount in controversy estimate based on such phrasing is not unreasonable solely because it could also support a lower estimate. *Perez*, 131 F.4th at 809-10.

As the Supreme Court has held, there is no antiremoval presumption for CAFA cases, which should be heard in federal court when properly removed. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

### Plaintiff's Complaint

Plaintiff is bringing a class action based on the following putative class definition:

> All hourly-paid or non-exempt employees of Defendant in the State of Washington at any time during the period from three years preceding the filing of this Complaint to final disposition of this action.

Plaintiff alleges Defendant engages in a "common course" of violating Washington State laws and regulations, specifically:

(1) Failure to Provide Rest Periods; (2) Failure to Provide Meal Periods; (3) Failure to Pay Minimum Wages; (4) Failure to Pay Overtime Wages; (5) Failure to Accrue and Allow Use of Paid Sick Leave; (6) Making Unlawful Deductions and Rebates; (7) Failure to Pay All Wages Due at Termination; and (8)

**ORDER DENYING MOTION TO REMAND ~ 3**

Willful Refusal to Pay Wages.

Plaintiff seeks compensatory, exemplary, and statutory damages, as well as attorneys' fees and costs.

## Defendant's Notice of Removal

Defendant asserts this Court has diversity jurisdiction because (1) the total amount in controversy exceeds $75,000, and (2) Plaintiff is a resident of Washington and Defendant is a resident of Minnesota, based on the Minnesota citizenship of Defendant LLC's sole member; therefore, Plaintiff and Defendant are completely diverse.

Defendant further argues this Court has original jurisdiction under CAFA because (1) Plaintiff is a citizen of the State of Washington and Defendant is a citizen of Minnesota, (2) the putative class includes over 800 people, and (3) the estimated total amount in controversy is $9,357,255.60.

Per claim, Defendant assumes a weekly 100% violation rate of either two missed breaks or 1-1.5 hours of unpaid wages. Defendant also includes statutory double damages and an assumed 25% of the common fund awarded for attorney's fees.

## Analysis

It appears there may be a genuine issue of material fact regarding complete diversity because Plaintiff alleges Defendant may have failed to join a necessary party to the lawsuit to satisfy diversity jurisdiction requirements. The Court need not address the diversity jurisdiction question because it is satisfied it has original jurisdiction to hear this case under the CAFA.

The Court finds Defendant has met the three requirements to establish jurisdiction under the CAFA. First, Plaintiff and Defendant agree they are minimally diverse and that the class includes more than 100. Second, Defendant has shown the amount in controversy exceeds $5,000,000.

Defendant's reasoning and underlying assumptions are reasonable based on

**ORDER DENYING MOTION TO REMAND ~ 4**

what is stated in Plaintiff's Complaint. In this matter, Plaintiff asserts Defendant engaged in a "common course" of violating Washington State laws and regulations. Given that this broad allegation infers a much higher violation rate than "at times," it is reasonable for Defendant to base its estimate of the total possible amount at issue on an assumed violation rate of two missed breaks or 1-1.5 hours of missed pay per week per claim. *See e.g. Peraino v. DNC Parks & Resorts at Tenaya*, No. 25-CV-1130-JES-DEB, 2025 WL 3022750, at *4 (S.D. Cal. Oct. 29, 2025). Defendant submitted evidence of the number of employes in the class and based its calculations on that number, which is reasonable and proper.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Plaintiff's Motion to Remand, ECF No. 12, is **DENIED**.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 10th day of March 2026.

_____
Stan Bastian
Chief United States District Judge

**ORDER DENYING MOTION TO REMAND ~ 5**